UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



CASE NO.

RODOLPHE JAAR,

    Plaintiff

v.

UNITED STATES OF AMERICA,

    Defendant

00-2099 CIV-KING

MAGISTRATE JUDGE
O'SULLIVAN

## MOTION FOR RETURN OF PROPERTY

The Plaintiff, **RODOLPHE JAAR**, through undersigned counsel, and pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure and 19 U.S.C. §1604, moves this Court for the return of his property, namely his passport, tourist visa, and credit cards.

## BACKGROUND

On May 1, 2000, United States Customs Agents stopped Rodolphe Jaar while he was driving. Following the traffic stop, agents searched Mr. Jaar's rental car and seized a large amount of U.S. currency as well as a number of personal items, including his passport and tourist visa.[1] Agents did not arrest or charge Mr. Jaar, a Haitian national, with any crime. Mr. Jaar has since learned that he is under investigation for alleged money laundering.

Rodolphe Jaar is the owner of a successful, import and export business in Haiti,

---

[1] Although this motion is limited to the return of the passport, visa and credit cards, Mr. Jaar, in no way, waives any claim to the cash seized.



-1-

BLACK, SREBNICK & KORNSPAN, P.A., 201 S BISCAYNE BOULEVARD, SUITE 1300, MIAMI, FLORIDA 33131 (305) 371-6421

Jaar Imports. The Jaar family has owned and operated this multi-million dollar business since 1944. Jaar Imports conducts lawful business in the United States. The company purchases almost all of its goods from manufacturers and distributors in South Florida. As a result, Mr. Jaar travels on a regular basis.

Mr. Jaar can neither return to Haiti nor re-enter the United States without his original passport and tourist visa, whether it be for purposes of conducting lawful business or to surrender himself, in the event that he is charged. Patiently awaiting the outcome of the criminal investigation, Mr. Jaar remains in South Florida. He is willing to execute a universal waiver of extradition in favor of the United States.

Undersigned counsel has repeatedly tried to obtain the return of Mr. Jaar's property. See Letter dated May 11, 2000, attached as Exhibit A and Letter dated May 19, 2000, attached as Exhibit B. The government has refused, making wholesale claims that the passport, tourist visa and credit cards are evidence of a crime. The government likewise refused to notify the State Department and the American consulate in Haiti of the seizure in order to assist Mr. Jaar in obtaining duplicates. Accordingly, Mr. Jaar is compelled to seek this Court's aid in having these items promptly returned.

## MEMORANDUM OF LAW

For over three weeks now, Rodolphe Jaar has been without his passport, tourist visa and credit cards. Customs has done nothing with the items seized.

When Customs agents seize property during a criminal investigation and allege a violation of the law, the agents must either (1) proceed with the forfeiture of this property under 19 U.S.C. §1604 or (2) return the property to its owner under Fed. R. Crim. P. Rule 41(e). In pertinent part, 19 U.S.C. §1604 provides that:

> [i]t shall be the duty of every United States district attorney immediately to inquire into the facts of cases reported to him by customs officers and the laws applicable thereto, and if it appears probable that any fine, penalty, or forfeiture has been incurred . . . **forthwith** to cause the proper proceedings to be commenced and prosecuted, **without delay** . . . .

19 U.S.C. §1604 (emphasis added). Clearly, the statute requires that the government immediately inquire into the facts surrounding the seizure and commence the necessary proceedings without delay. Holding Mr. Jaar's travel documents and credit cards for weeks with no action or disposition violates 19 U.S.C. § 1604.

Rule 41(e) of the Federal Rules of Criminal Procedure also provides that:

> A person aggrieved... by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings.

Fed.R.Crim.P. 41(e).

Although the Rule does not specify what test to use in determining whether to return property, the Supreme Court has established a reasonableness under all of the circumstances test. United States v. Place, 462 U.S. 696, 701 (1983); see also In re Southeastern Equipment Company, 746 F.Supp. 1563, 1574 (S.D. Ga. 1990). The Advisory Committee Notes to the 1989 Amendment of Rule 41(e) instruct that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." Reason, in this case, dictates that Mr. Jaar's original passport, original visa and credit cards be returned.

-3-

Mr. Jaar has not been charged with any crime either in the United States or Haiti. He is entitled to go on with his life. As it now stands, he can neither return home nor re-enter the United States. The very nature of Mr. Jaar's business--import/export--requires that he travel, particularly to South Florida. Mr. Jaar is not guaranteed re-entry into the United States without his original tourist visa.[2] Restricting Mr. Jaar's travel would cause him and the more than 40 families that depend on Jaar Imports irreparable harm.

Given the consequences, this court should examine the government's claim that the travel documents and credit cards are evidence. See United States v. Premises Known as 608 Taylor Avenue, Apartment 302, Pittsburgh Pennsylvania, et al., 584 F.2d 1297 (1978) (requiring the district court to examine the purpose for which the government retained the property). Mr. Jaar recognizes that the government is entitled to seize evidence. See Warden v. Hayden, 387 U.S. 294 (1967). If the government has a need for the property in an investigation or prosecution, its retention of the property is usually reasonable. See Advisory Committee Notes to the 1989 Amendment of Rule 41(e). The government, however, "will not be permitted to seize private property and then simply retain that property without any demonstration that the property is somehow necessary to the investigation . . . ." Interstate Cigar Co. v. U.S., 928 F.2d 221, 223 (7th Cir. 1991). In a money laundering investigation, there is usually no need for the subject's passport, tourist visa or credit cards.

Assuming that the government could establish a need, Mr. Jaar has no objections to these items being photographed, photocopied or preserved by any other means. Mr.

---

[2] According to the American Consulate in Haiti, once a tourist's visa is seized by law enforcement, the United States will not issue another visa for at least five years. Defense counsel has requested written confirmation.

-4-

Jaar has even offered to stipulate to the authenticity of the documentation. The return of Mr. Jaar's original passport, tourist visa and credit cards will not interfere with the government's investigation or any subsequent proceeding. The continued retention of property can become unreasonable, if the government's legitimate interest can be satisfied even with the return of the property. See Advisory Committee Notes to the 1989 Amendment of Rule 41(e).

Under the circumstances, it is reasonable for the government to return Rodolphe Jaar's original passport, tourist visa and credit cards.

Dated this 12th day of June, 2000

**Law Offices of Mark Seiden, P.A.**
777 Brickell Avenue, Suite 100
Miami, Florida 33131
(305)577-4981
(305)577-8376

MARK SEIDEN, ESQ.
Florida Bar No. 361070

**Black, Srebnick & Kornspan, P.A.**
201 South Biscayne Blvd, Suite 1300
Miami, Florida 33131
(305)371-6421
(305)358-2006 Fax

ROY BLACK, ESQ.
Florida Bar No. 126088

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-2099

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Rodolphe Jaar

**DEFENDANTS**
United States of America

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Miami Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

B: Dade 1:00CV2099 JLK O'Sullivan

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** NIGHT BOX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE O'SULLIVAN

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Roy Black, Esq.           Mark Seiden, Esq.
201 S. Biscayne Blvd, Ste 1300    777 Brickell Ave, Ste 100
Miami, FL 33131           Miami, FL 33131
(305) 371-6421            (305) 577-4981

**ATTORNEYS (IF KNOWN)**
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☒ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | A☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 USC Section 3114; and Fed.R.Crim.P. 41(E) - Pre-Indictment Return of Property Seized.

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
June 12, 2000

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

$150.00  823475
06/13/00